**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LIOUDMILA VOROBIEVA,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 98-9505
(BIA No. A70-941-911)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

---

Petitioner seeks review of the final order of the Board of Immigration

Appeals (BIA) denying her application for asylum. [1] We find substantial evidence

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

supporting the BIA's decision and no legal error; accordingly, the petition for review is denied. [2]

Petitioner, a Russian citizen, entered this country in August 1992, as a non-immigrant visitor for pleasure. In January 1993, she applied for asylum, alleging persecution based on her religion. The immigration judge denied her application, concluding she did not meet her burden of showing past persecution or a well-founded fear of future persecution, finding petitioner's hearing testimony to have been embellished, based on her failure to include several key incidents in her written application and certain discrepancies between that application and her subsequent testimony. He noted also that petitioner's testimony conflicted with State Department reports regarding religious persecution in Russia.

On appeal to the BIA, petitioner submitted several newspaper articles to support her argument that Mormons were subject to persecution in Russia. The BIA dismissed the appeal, agreeing with the immigration judge that petitioner failed to meet her burden. Noting that it was precluded from considering new

---

[2] On September 30, 1996, the President signed into law the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546, which modifies our authority to review asylum cases. The new provisions do not apply to this case, because the INS initiated petitioner's deportation proceedings before IIRIRA's effective date of April 1, 1997. See IIRIRA § 306(c)(1). The "transitional rules" also do not apply, as the proceedings in this case are not of the type listed in IIRIRA § 309(c)(4)(E) or (G).

evidence on appeal, the BIA emphasized that even if it were to consider the newspaper articles, the outcome of the case would remain unchanged.

Petitioner argues to this court that the BIA erred in assessing her credibility, in finding her claim of persecution unsupported, and in failing to take administrative notice of the newspaper articles she submitted. We review the BIA's determination of credibility, see de Leon-Barrios v. INS , 116 F.3d 391, 393 (9th Cir. 1997), and eligibility for asylum, see INS v. Elias- Zacarias , 502 U.S. 478, 481 (1992), under a substantial evidence standard. The BIA's decision will be upheld unless petitioner's evidence is so compelling that no reasonable factfinder could fail to find her eligible for asylum. See id. at 481 n.1, 483-84.

Applying these standards, we conclude the BIA's decision is supported by substantial evidence. The incidents omitted from petitioner's application go to "the heart of [her] asylum claim," and their absence supports the BIA's finding that petitioner embellished her oral testimony. Leon-Barrios , 116 F.3d at 394 (quotations omitted). Nor does petitioner's evidence compel a conclusion that religious persecution motivated her job termination, the attempted abduction of her grandson, or the incident with the stranger on the street.

Finally, the BIA did not abuse its discretion in refusing to administratively notice the newspaper articles, see de la Llana-Castellon v. INS , 16 F.3d 1093,

-3-

1096-97 (10th Cir. 1994), as it properly determined that the reported information would not change the outcome of the case.

The petition for review is DENIED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge